IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

GREGORY S. FISHER,

        Defendant.

---

FILED
U.S. DISTRICT COURT
W. D. of N.Y.
10/29/08
AT_____O'C_____M.
BY_____
TITLE_____

08-CR-

**08 CR 315S**

### I N F O R M A T I O N
(Title 18, United States Code, Section 1341 and
Title 26, United States Code, Section 7206[1])

### COUNT 1

**The United States Attorney Charges:**

1. Between in or about 2006, the exact date being unknown, and in or about the 18th day of September 2007, in the Western District of New York, end elsewhere, the defendant GREGORY S. FISHER, devised and intended to devise a scheme and artifice to defraud DaimlerChrysler Finance, Ford Motor Credit, Citicapital, Bank of America, M&T Bank, Chase Bank, Dodge, West Herr Ford Hamburg, West Herr Chevy Hamburg, the Internal Revenue Service, St. Mary's Bank, and the PC Connection, Inc., and others, and to obtain money and property by means of false and fraudulent pretenses and representations.

2. It was part of the scheme and artifice that the defendant GREGORY S. FISHER was the owner of two business

entitled - - CPCS and Associates, LTD. (CPCS) and CPCSNE, LTD. (CPCSNE). In or about March 2007, FISHER approached a sales manager with West Herr Ford of Hamburg, New York. FISHER informed the manager that his companies had been pre-approved by Ford Motor Credit and DaimlerChrysler Truck Financial to purchase and "upfit" several vehicles. FISHER asked the sales manager whether West Herr Ford could handle the sales of the vehicles and the upfitting. The upfitting requested by FISHER involved accessorizing the vehicles with sophisticated and expensive generators and various other electronic and mechanical equipment allegedly used by his companies in their business operations. FISHER further advised the sales manager that the business handling the upfitting was a Connecticut corporation named VRTS Sales & Development Corporation (VRTS). In truth and in fact and unbeknownst to West Herr Automotive Group, VRTS was an entity created by defendant FISHER that was not equipped to handle the upfitting.

3. It was further part of the scheme and artifice to defraud that during the period between April 28, 2007, and June 20, 2007, FISHER purchased a total of forty nine (49) vehicles (twelve (12) Ford F-150s, five (5) Ford F-550s, fifteen (15) Dodge RAM 1500 QCs, and seventeen (17) Chevrolet Trailblazers) from the West Herr Automotive Group. The vehicles were financed

through a consortium that was comprised of DaimlerChrysler Finance, Ford Motor Credit, Citicapital, Bank of America, M&T Bank, Chase Bank, Dodge, West Herr Ford Hamburg, and West Herr Chevy Hamburg.  All of the vehicles were to be upfitted by VRTS.  The upfitting costs for each vehicle ranged from approximately $18,000 to $116,000.  The upfitting costs were to be financed by either Ford Motor Credit or DaimlerChrysler Truck Financial.  The financing was conditioned on the customer paying a portion of the upfitting costs in advance to West Herr, with West Herr paying the balance due on the upfitting charges.  In late April 2007, West Herr received from defendant FISHER checks which purported to represent payment of defendant's share of the upfitting costs.


4.  Upon receipt of the checks, West Herr immediately sent, via United States mail from the Western District of New York, to VRTS in the State of Connecticut, one check in the amount of $1,162,050.00, with said payment comprised of the $689,841.48 received from FISHER and West Herr paying $472,208.52.  West Herr then sent, via United States mail from the Western District of New York, to VRTS in the State of Connecticut, two additional checks in the amount of $220,080.00 and $535,620.00.  The total amount forwarded to VRTS to pay for upfitting costs was $1,917,750.  Of that total, the sum West Herr forwarded to VRTS

from its own funds was $1,227,908.52. Thus, for the purpose of executing and attempting to execute the scheme and artifice, the defendant FISHER did knowingly cause matter, to wit, the aforementioned checks, to be deposited in a post office or authorized depository for mail matter, which were to be sent by the United States Postal Service or by a private commercial interstate carrier.

5. On or about April 27, 2007, defendant FISHER himself opened a checking account at TD BankNorth under the account name VRTS Sales and Development Corp, Middlefield, Connecticut, account number xxx-xxx8252. Defendant FISHER was the only name listed on the signature card. The aforementioned checks in the amount of $1,162,050 and $220,080, payable to VRTS Sales & Development Corp., from West Herr Automotive Group's M&T Bank account, were deposited on or about May 22, 2007, into VRTS' TD BankNorth account, account number xxx-xxx8252. In addition to those two checks, on May 22, 2007, a check from a separate company in the amount of $300,000, traceable to and obtained fraudulently from St. Mary's Bank was deposited into VRTS' TD BankNorth account, and on July 3, 2007, a Citizens Bank official check in the amount of $98,480.48 was also deposited into VRTS' TD BankNorth account. On or about June 19, 2007, a check in the amount of $535,620, payable to VRTS, from West Herr Automotive

Group's M&T Bank account, was deposited into VRTS' TD BankNorth account.  Prior to the five (5) aforementioned deposits, VRTS' TD BankNorth account, account number xxx-xxx8252, had a $0 balance.

6.  After the aforementioned monies were deposited into defendant FISHER's VRTS' TD BankNorth account, defendant FISHER transferred such funds to various bank accounts associated with and controlled by defendant FISHER.  Thereafter, in or about June of 2007, defendant Fisher, using the funds which he had fraudulently obtained, made two purchases of gold from Richard L. Smith, President of Coin & Stamp Gallery, Inc. (CSGI) in Phoenix, Arizona.  Specifically, on June 14, 2007, defendant purchased $901,296.00 in gold from Smith, and on June 25, 2007, defendant FISHER purchased an additional $299,922 in gold from Smith.  In addition, defendant FISHER used the proceeds of his fraudulent scheme to obtain gift cards and electronic equipment from various retailers.

**All in violation of Title 18, United States Code, Section 1341.**

## COUNT 2

**The United States Attorney Further Charges:**

On or about October 7, 2006, defendant GREGORY S. FISHER, a resident of Niagara Falls, New York, in the Western District of New York, did willfully make and subscribe a 2005 Federal Income Tax Return, Form 1040, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Director, Internal Revenue Service Center, at Andover, Maryland, which said Form 1040, defendant did not believe to be true and correct as to every material matter, in that he did falsely claimed on line 64 of such return, that he had $660,486.00 in federal income tax withheld from his earnings, when, in truth and in fact, the true amount withheld was zero.

**All in violation of Title 26, United States Code, Section 7206(1).**

DATED: Buffalo, New York, October 29, 2008.

TERRANCE P. FYLNN
United States Attorney
Western District of New York

BY: _____
JAMES P. KENNEDY, JR.
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York  14202
(716) 843-5700, ext. 892
jp.kennedy@usdoj.gov